IN THE U.S. DIST. CT. IN AND FOR THE DIST. OF DELAWARE

QUENTIN T. JONES

V.

STATE OF DELAWARE - ERIC H. ZUBROW, ESQ.; ATTORNEY: NATALIE S. WOLOSHIN, ESQ., ET. ALL.

§ 1983 Civ. A. Complaint

Civ. A. No: _____

- Woloshin, Natalie S. (Individual Compacity)

Jury demand ☒ yes

**Suing For:**
failure to investigate, Defamation of character, Malicious Prosecution, false imprisonment coercion, Intentional and Negligent infliction of emotional distress, Restitution, Gross Negligence, failure to advise of Sentence Range Guidelines, Emotional distress, Including pain & suffering of Mental Anguish in amount of $10,000,000.00 (Charges.))

**CLAIM #1** - The State of Delaware - Eric H. Zubrow, esq. drafted a Plea Agreement not supported by sufficient probable cause, in-which was misrepresented to petitioner by attorney: Natalie S. Woloshin, esq.,

OVER...

Via Private attorney-Client visit(s), "Assurances" of time Served and Immediate release from prison, without advising the petitioner of the Non-Binding effect of Sentencing Range Guidelines, Via Coercion 2008 yr. Case prior to the State Court plea Colloquy in Superior Court of the State of delaware (Sussex-County)).

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

JONES, QUENTIN T.
Name (Last, First, MI)

QUINTON - (CUE)
Aliases

358258
Prisoner ID #

J.T.V.C.C
Place of Detention

J.T.V.C.C 1181 PADDOCK RD.
Institutional Address

SMYRNA
County, City

DE
State

19977
Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

1. Defendant:  *(Individual Compacity)

   Natatie S. Woloshin, esq.
   Attorney at law
   3200 Concord pike
   P.O Box 7329
   Wilm., De 19803

2. Defendant:

   Patrick J. Collins, esq.
   Attorney at law
   8 East 13Th st., Wilm., De 19801

3. Defendant:

   Eric H. Zubrow, esq.
   Attorney for State of Delaware
   820 N. French st., 7Th floor
   Wilm., De 19801

1  A

4. Defendant:

Tasha M. Stevens
Attorney @ law
26 The Circle,
P.O Box 250
Georgetown, De 19947

1B

On or about July 1, 2020, Mr. Jones recieved a letter (Ex. A) and met with Attorney Natalie S. Woloshin, esq Discussing potential Resolution of criminal Case # 1502002252, via video ("skype").

Mr. Jones then declined to accept the states offer.

**WHAT HAPPENED TO YOU?** Thereafter, a Second Attorney-Client visit was held on July 8th, 2020, via video ("skype"), which Natalie S. Woloshin, esq was accompanied by Attorney Tasha M. Stevens, esq.

During that visit by video Mr. Jones was informed by both Attorney's that his acceptance of the states offer was the best option.

On or about July 10th, 2020 Mr. Jones agreed to Counsel Natalie S. Woloshin, esq affixing his name, Date, and time(s) to the plea Agreement forms, via Coercion 2008 case.

2

Mr. Jones claim(s) that Case# 7108005124 was used to coerce him into the states Agreement, along with freedom from prison. Mr. Jones contends that prior to Agreeing to counsel Affixing his name, Date and times to the plea "Agreement forms" [HE] advised ms. Woloshin, esq. that he was infact being forced to enter the plea.

\* Wolashin Responded: "No! one's twisting your arm?!"

[WHAT HAPPENED TO YOU?] Mr. Jones claims that he was coerced by ms. Woloshin into accepting the state's plea offer while being under Duress, via promised Sentence without advising him of the Direct Consequences of the alleged Agreement — (Non-Binding effect of sentencing phase)) & correct presumptive sentencing.

Sentencing was held in the Sussex County Superior Court of Delaware on July 14, 2020 Mr. Jones advised the court that he was under "Duress" at the time of entering the plea in court. (sentencing Deferred July 9, 2021))

3

It was the duty of attorney Natalie S. Woloshin to fully Inform Mr. Jones of the Non-Binding effect of his Sentence prior to Mr. Jones agreeing to the plea agreement. By Mr. Jones not being fully appraised of the Non-Binding effect of his Sentence renders his decision to plead guilty unintelligently, unknowingly and unvoluntarily entered.

[WHAT HAPPENED TO YOU?]

4

As a result of ① the state of Delaware - Eric H. Zubrow, esq. ② and attorney for petitioner - Natalie S. Woloshin, esq. deliberate actions the petitioner now! and/or currently consumes mental health medications (2) 10 mG Prozac for Anxiety & Depression, and (1) 5 mG Zyprexa, in-which petitioner have been consuming since 2022 yr.

**[WHAT HAPPENED TO YOU?]** Eric H. Zubrow for the state knew that if mr. Jones was to have a fair trial in the state of Delaware " mr. Jones would be Acquitted of the alleged offenses. So... Instead mr. Jones was deprived of a fair trial and of his Constitutional rights through his attorney Natalie S. Woloshin, esq. Knowing that someone else could have committed the alleged offenses other than the petitioner mr. Jones,

5

Eric H. Zubrow, esq. Attorney for the State of Delaware drafted a time Served - Immed. Release plea offer to two counts Rape in the fourth degree.

Attorney Natalie S. Woloshin, esq. for the petitioner misrepresented the plea to petitioner Jones that two Counts Rape in the fourth degree Carried upto 5 yrs. imprisonment, which that petitioner already Served -(Time-served and Immed. Release)) from prison without advising petitioner of the Non-Binding effect of Sentencing, via Coercion 2008 Case.

[WHO DID WHAT?]

Eric H. Zubrow, esq. attorney for state of Del. drafted the plea to offenses not supported by sufficient probable cause in violation of Delaware prof'L Rule of Conduct rule 3.8 ² and ABA standards prosecutor's functions rules - 3-3.8 / 3-4.2

6

Mr. Jones avers that during his private attorney-client visits with Counsel: Natalie S. Woloshin, esq on July 10, 2020 [he] advised Counsel that "<u>he was in fact forced to enter the plea</u>."

Counsel then responded: No! one's twisting your arm

[WHO DID WHAT?]

thereafter, Mr. Jones says: No! <u>one's twisting my arm</u>

Counsel quotes at the end of the attorney-client visit the following:

"<u>The only thing she's worried about was your felonies</u>"

On or about July 14th-21st, 2020 Mr. Jones met with Counsel and she advised the following:

"<u>I know you don't trust me now!?</u>"

7

## "I Induced you to take the plea"

later mr. Jones contacted counsel by GTL Service (Phone) at the prison and by mail at the prison to withdraw his plea.

[WHO DID WHAT?] Tasha Stevens and Natalie Woloshin failed to advise mr. Jones of the Non-Binding effect of his sentence.

ms. Woloshin, esq used coercive and manipulated tactics in pursuading mr. Jones the petitioner into accepting the states plea offer that had freedom attached it upon mr. Jones' signing.

The July 14, 2020 letter advises mr. Jones that Woloshin did not discuss particular matters with petitioner regarding the sentencing aspect of the plea (Ex. B/pg.1 ))

* visits were held by video ("Skype") visits.

8

① Mr. Jones claims that both Attorney's Tasha M. Stevens, esq. ② and Attorney for the "State of Del." Eric H. Zubrow, esq. was part of Ms. Natalie S. Woloshin's misrepresentations while Mr. Jones was under "Duress."

| WAS ANYONE ELSE INVOLVED? | * Tasha M. Stevens was standby Counsel for Natalie S. Woloshin and excused herself from the case once petitioner Disqualified Woloshin. |

③ Patrick J. Collins, esq. was the Attorney that was Court Appointed after Mr. Jones Disqualified Ms. Woloshin, esq for her misrepresentations to the Court and Mr. Jones, then, ~~and~~ filed a Second Motion to Withdraw petitioner's plea that was later denied.



United States Postal Service (USPS) Package of "Legal Mail" in criminal case # 1510001852 was in transit to next facility on November 22, 2022. To date, the package have not reached it's destination.

9

## Relief:

Mr. Jones is suing for Compensatory, Incidential, Consequential and punitive damages in the amount of $10,000000.00 Including fees and costs! and to have a fair Re-trial in state of Delaware and to have his criminal case documents in Case# 1502002252 to arrive at it's intended destination. (Per USPS delivery Services)

10

Mr. Jones Claims that his 4th, 5th, 6th, 7th, 8th, 9th, 11th and 14th Amend. Rights to the U.S. Const. were Violated.

_____
_____

ADMINISTRATIVE PROCEDURES

**WARNING** prisoner must exhaust administrative procedures before filing an action in fed. ct. about prison conditions. 42 U.S.C § 1997 e(a). your case may be dismissed if you have not exhausted your administrative remedies.

Is there a grievance process at your last
yes ☒ or ☐ NO

Have you filed a grievance concerning the facts relating to your complaint    yes ☐ or NO ☒

  * NOT A PRISON RELATED ISSUE.
_____

Is grievance process completed  yes ☐ or NO ☐

  N/A

12

Relief...

To be released from Custody at J.T.V.C.C and to be awarded $10,000000.00 for life and liberty. Compensational.

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?  ☒ Yes  ☐ No

If yes, how many?  __2-3?__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

NOT SURE OF CASE #'S OR RESULTS

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

9-24-2023
Dated

Plaintiff's Signature

JONES, QUENTIN
Printed Name (Last, First, MI)

358258
Prison Identification #

1181 PADDOCK RD,   SMYRNA   DE   19977
Prison Address   City   State   Zip Code

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

15

Page **10 of 10**